IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLAUDE SLEDGE III, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3090 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN CLARKE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

    The defendant has filed a motion to amend his answer to request a jury trial. (Filing No. 10).  The defendant acknowledges the jury request is untimely, but states it was made only fourteen days after his answer was filed, and the plaintiff will not be prejudiced by the late filing.  The defendant explains defendant's attorneys were in the process of changing offices when the defendant's answer was due, and although the answer was timely filed, defendant inadvertently failed to request a jury. The plaintiff objects to the defendant's motion, arguing the jury request is untimely. ( Filing No. 11).  The objection stated the plaintiff will be prejudiced if a jury trial is permitted because "it is unlikely Plaintiff will receive fair consideration of his claims by a jury."  Filing No. 11, ¶ 4.

    The court may, in its discretion, grant a motion for jury trial even the absence of a timely demand.  Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985) ; Fed. R. Civ. P. 39(b).  A Rule 39(b) motion should be granted unless there are "strong and compelling" reasons not to do so.  First Wisconsin Nat'l Bank of Rice Lake v. Klapmeier, 526 F.2d 77, 80 (8th Cir. 1975).

    The plaintiff claims he will be prejudiced by a jury trial because a jury will not fairly consider his claims.  However, the court will not deny a jury trial request based

on a presumption that jurors will not follow the law and carry out their duties as instructed by the court. The plaintiff's § 1983 claim for damages is appropriate for jury consideration. Although the jury request is untimely, it was nonetheless made very early in the case, and the request will not disrupt the court's trial scheduling or the parties' trial preparation. Finally, based on the defendant's explanation, the court finds defendant's failure to make a timely jury demand was an inadvertent mistake and excusable under the circumstances.

IT IS ORDERED:

1) The defendant's motion to amend, (filing no. 10), is granted, and the plaintiff's objection, (filing no. 11), is denied.

2) The defendant shall file his amended answer, a copy of which is attached to his motion, on or before July 23, 2009.

DATED this 16th day of July, 2009.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

-2-